# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR06-3070-MWB |
| vs. | **DETENTION ORDER** |
| LEVI ANDERSEN, | |
| Defendant. | |

This matter came on for detention hearing on January 24, 2007. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Levi Andersen appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of Task Force Officer Toby Schissel. The court took the matter under advisement pending receipt of a Pretrial Services Report. The court now has received and reviewed the PTSR, and undertakes consideration of the Government's motion for detention.

The court must determine whether any condition or combination of conditions will reasonably assure Andersen's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Andersen as required and the safety of the community if the court finds there is probable cause to believe Andersen committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten

years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates Andersen was arrested on August 11, 2006, on an outstanding warrant for failing to appear for a pretrial conference in connection with October 6, 2005, charges of carrying weapons and unauthorized possession of an offensive weapon. At the time of his August 11, 2006, arrest, Andersen had in his possession three loaded handguns and a live hand grenade. According to TFO Schissel, Andersen claimed responsibility for all of the weapons.

Also in Andersen's possession was drug paraphernalia, and a scale containing methamphetamine residue. Andersen's companion at the time of his arrest told officers the two had used methamphetamine during the late night or early morning hours prior to the date of Andersen's arrest. Andersen told the Pretrial Services officer that he has used methamphetamine on a weekly basis for the past several months. Andersen's criminal history indicates he has two prior arrests on weapons charges, and two prior arrests for possessing drug paraphernalia, all of which occurred within the past year-and-a-half.

In addition, although Andersen has been a lifelong resident of Mason City, Iowa, the evidence indicates he has been unemployed for the past nine months. He lives with his father and has no visible means of independent support. He indicated he was aware of the outstanding bench warrant for his arrest on the state charge, but he failed to self report.

Based on this evidence, the court finds there are no conditions of release that would reasonably assure Andersen's appearance as required, and ensure the safety of the community. The court finds the Government has proved by a preponderance of the

evidence that Andersen is a flight risk, and by clear and convincing evidence that Andersen would be a danger to the community if released. Therefore, the court finds the following:

1. Andersen is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Andersen reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Andersen to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Andersen must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 24th day of January, 2007.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT